IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 11-cv-02347-RPM

MARCO A. HERNANDEZ,

    Plaintiff,
v.

UNITED STATES OF AMERICA and
TRANSPORTATION SECURITY ADMINISTRATION,

    Defendants.

_____

ORDER OF DISMISSAL
_____

    This civil action was initiated by a complaint filed on September 7, 2011.  On January 5, 2012, the plaintiff filed a request for extension of time to complete service, explaining that the delay was because of the schedule of plaintiff's counsel involving extended periods of time outside of her office.  The Court granted the extension. On March 15, 2012, this Court entered an order to show cause requiring the plaintiff to show cause why the case should not be dismissed for failure to prosecute.  There was no response to that order to show cause.  On March 19, 2012, the defendants filed a motion to dismiss under Fed.R.Civ.P. 12(b)(1) and (b)(5), asserting lack of subject matter jurisdiction and insufficiency in the service of process.  On April 9, 2012, the plaintiff filed a motion for extension of time to respond to the motion to dismiss because plaintiff's counsel was in a jury trial.  On April 24, 2012, the plaintiff filed a second motion for extension of time to respond, alleging a back injury.  The Court granted these extensions of time.

On April 30, 2012, the plaintiff filed a response to the motion to dismiss and on May 1, 2012, this Court granted the motion to dismiss for failure to plead subject matter jurisdiction and granted the plaintiff to and including May 16, 2012, within which to file an amended complaint.

The plaintiff filed an amended complaint for damages on May 16, 2012, and the defendants filed a motion to dismiss the amended complaint on May 30, 2012.

On June 25, 2012, the plaintiff filed a response to the motion to dismiss the amended complaint.  In the plaintiff's response, counsel apparently recognized that the Fourth Amendment claim cannot be pursued against the United States or the Transportation Security Administration, after citing the *Bivens* case.  The plaintiff now seeks leave to amend the complaint to include the individual employees and/or agents responsible.  The request to amend is denied.  The plaintiff has had more than an adequate opportunity to learn the law in this long delayed case.  The plaintiff has claimed damages in the second claim for relief, under the APA, and apparently recognizing its unavailability under that statute no response to the motion to dismiss on that claim has been presented.  The third claim for relief is under the  Federal Tort Claims Act and the plaintiff has alleged negligence of TSA agents and supervisors.  There is no recognizable tort claim alleged under either Colorado or Florida law in the allegations made and in the plaintiff's response.  The United States is liable under the FTCA for conduct which would be actionable under state law if it were a private party.  The plaintiff has made no such claim.

Upon the foregoing, it is

ORDERED that this civil action is dismissed for lack of subject matter jurisdiction.

DATED: July 3rd, 2012

                BY THE COURT:

                s/Richard P. Matsch
                _____
                Richard P. Matsch, Senior Judge